21-6228
Marin Portillo v. Garland

BIA
Conroy, IJ
A099 631 594

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

EDDIN MAURICIO MARIN PORTILLO,
> *Petitioner,*

> v.                                          21-6228
>                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Edgar Loy Fankbonner, Goldberger & Dubin, PC, New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant

Director; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of an Immigration Judge ("IJ"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Eddin Mauricio Marin Portillo, a citizen of Honduras, seeks review of an April 5, 2021 decision of an Immigration Judge ("IJ") affirming an asylum officer's determination that Marin Portillo did not establish a reasonable fear of persecution or torture. *In the Matter of Eddin Mauricio Marin Portillo,* No. A099 631 594 (Immig. Ct. N.Y. City Apr. 5, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

The dispositive issue is whether we have jurisdiction to review this petition for review. We conclude that we do not because our jurisdiction is limited to petitions for review filed within 30 days of a final order of removal. *See Bhaktibhai-Patel v. Garland*, No. 19-2565, 2022 WL 1230819 (2d Cir. Apr. 27, 2022).

Marin-Portillo was removed from the United States in 2007

and 2018. Following his most recent entry, the Department of Homeland Security ("DHS") reinstated his removal order on March 2, 2021, subjecting him to removal under 8 U.S.C. § 1231(a)(5), which provides a summary removal process. "In short, the agency obtains the alien's prior order of removal, confirms the alien's identity, determines whether the alien's reentry was unauthorized, provides the alien with written notice of its determination, allows the alien to contest that determination, and then reinstates the order." *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2282 (2021) (citing 8 C.F.R. §§ 241.8(a)-(c), 1241.8(a)-(c)). If the alien asserts a fear of returning to the country of removal, he is interviewed by an asylum officer who determines whether he has a reasonable fear of persecution or torture. *Bhaktibhai-Patel*, 2022 WL 1230819, at *2 (citing 8 C.F.R. § 241.8(e)). If the asylum officer finds a reasonable fear, he refers the case to an IJ; if the asylum officer does not find a reasonable fear, the alien may request review by an IJ. *Id.* (citing 8 C.F.R. § 208.31(e), (f)). This case involves the latter circumstance.

Where, as here, the IJ concurs with the asylum officer's

finding, the IJ returns the case to DHS. *Id.* (citing 8 C.F.R. § 208.31(g)(1)). The IJ's concurrence and return of the case is not itself a final order of removal because it does "not determine whether 'the alien is deportable or order[] deportation," *id.* at *7 (quoting 8 U.S.C. § 1101(a)(47)(A)), or "'affect the validity' of any determination regarding an alien's deportability or deportation," *id.* (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020)). The Immigration and Nationality Act limits our jurisdiction to petitions for review filed within 30 days of a "final order of removal." 8 U.S.C. § 1252(a)(1), (b)(1); *Bhaktibhai-Patel*, 2022 WL 1230819, at *5.

Accordingly, we have jurisdiction to review the IJ's negative reasonable fear determination only if Marin Portillo's petition is otherwise timely to challenge a final order or removal. It is not. The only other decisions that could constitute reviewable final orders are Marin Portillo's original 2007 removal order and the March 2, 2021 decision reinstating that order. *See Bhaktibhai-Patel*, 2022 WL 1230819, at *7. We lack jurisdiction over this petition for review because Marin Portillo filed it on April 12, 2021,

4

more than 30 days after either of these decisions.  *See id.* at *7-8; *see also* 8 U.S.C. § 1252(b)(1).

For the foregoing reasons, the petition for review is DISMISSED.  All other pending motions and applications are DENIED as moot and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5